NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1754-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

KENNETH BACON-VAUGHTERS,

 Defendant-Appellant.
________________________________

 Submitted September 11, 2017 – Decided September 15, 2017

 Before Judges Sabatino and Ostrer.

 On appeal from Superior Court of New Jersey,
 Law Division, Monmouth County, Indictment No.
 09-07-1467.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (William Welaj, Designated
 Counsel, on the brief).

 Christopher J. Gramiccioni, Monmouth County
 Prosecutor, attorney for respondent (Mary R.
 Juliano, Assistant Prosecutor, of counsel and
 on the brief).

 Appellant filed a pro se supplemental brief.

PER CURIAM
 Defendant Kenneth Bacon-Vaughters appeals the trial court's

denial of his petition for post-conviction relief ("PCR"). We

affirm.

 At a jury trial held over nine days in March 2011, defendant

was found guilty of felony murder, N.J.S.A. 2C:11-3(a)(3),

robbery, N.J.S.A. 2C:15-1, conspiracy to commit robbery, N.J.S.A.

2C:5-2 and 2C:15-1, and possession of a weapon for an unlawful

purpose, N.J.S.A. 2C:39-4. He was sentenced for those offenses

to a forty-year term of imprisonment, subject to a period of parole

ineligibility mandated under the No Early Release Act ("NERA"),

N.J.S.A. 2C:43-7.2.

 On his prior unsuccessful direct appeal, defendant raised the

following issues:

 POINT I

 THE COURT'S REFUSAL TO CHARGE THE STATUTORY
 AFFIRMATIVE DEFENSE TO FELONY MURDER DEPRIVED
 THE DEFENDANT OF THE RIGHT TO PRESENT A
 DEFENSE, DUE PROCESS AND A FAIR TRIAL.

 POINT II

 THE CHARGES AS A WHOLE WERE DEFECTIVE BECAUSE
 THE COURT FAILED TO INSTRUCT THE JURY ON THE
 ELEMENTS OF CRIMINAL ATTEMPT IN A FACT PATTERN
 WHERE THE SUBSTANTIVE OFFENSE WAS NEVER
 COMPLETED (Not raised below).

 POINT III

 THE DEFENDANT'S MARCH 12 STATEMENT SHOULD HAVE
 BEEN SUPPRESSED BECAUSE DETECTIVES CONTINUED

 2 A-1754-15T3
 TO QUESTION THE DEFENDANT AFTER HE REQUESTED
 AN ATTORNEY.

 POINT IV

 THE COURT ERRED IN ADMITTING THE VICTIM'S
 STATEMENT, "KENNY MIKE SHOT ME," BECAUSE IT
 WAS UNTRUE AND UNDULY PREJUDICIAL. FURTHER,
 THE INSTRUCTION LIMITING ITS USE FAILED TO
 NEUTRALIZE THE PREJUDICE.

 A. THE COURT ERRED IN ADMITTING THE
 STATEMENT BECAUSE ITS PROBATIVE VALUE WAS
 OUTWEIGHED BY ITS PREJUDICE.

 B. THE LIMITING INSTRUCTION WAS
 MISLEADING AND FAILED TO NEUTRALIZE THE
 PREJUDICE.

 POINT V

 THE DEFENDANT'S SENTENCE OF 40 YEARS, WITH AN
 85% PAROLE BAR, WAS MANIFESTLY EXCESSIVE.

 PRO SE POINT I

 THE LOWER COURT ERRED WHEN IT DID NOT ADDRESS
 APPELLANT'S CLAIMS OF THE FAILURE OF THE
 POLICE TO SCRUPULOUSLY HONOR DEFENDANT'S RIGHT
 TO COUNSEL AMOUNTED TO THE CONSTRUCTIVE DENIAL
 OF COUNSEL AND SEPARATELY, INEFFECTIVE
 ASSISTANCE OF COUNSEL, BOTH IN VIOLATION OF
 THE FIFTH, AND SIXTH, AMENDMENTS OF THE UNITED
 STATES CONSTITUTION.

 We found these contentions to lack merit and affirmed

defendant's convictions and sentence. State v. Bacon-Vaughters,

No. A-583-11 (App. Div. Feb. 25, 2013). The Supreme Court denied

defendant's petition for certification. 216 N.J. 5 (2013).

 3 A-1754-15T3
 In his ensuing PCR petition, defendant alleged that his trial

counsel was ineffective in several respects, thereby depriving him

of his constitutional rights. Defendant further asserted that a

"pattern of cumulative error" at trial deprived him of his right

to a fair trial.

 Judge John R. Tassini, who did not preside over defendant's

jury trial, heard oral argument on the PCR application on August

25, 2015 without conducting an evidentiary hearing.

 Judge Tassini denied defendant's petition. In his detailed

written statement of reasons accompanying his order, Judge Tassini

concluded that defendant has not presented a prima facie case of

ineffective assistance of counsel. He therefore found that no

evidentiary hearing was necessary.

 More specifically, Judge Tassini ruled that defendant's trial

counsel during the pretrial Miranda1 suppression hearing did not

fail to adequately investigate or probe into defendant's statement

to the police. The judge found that, in fact, trial counsel had

"vigorously cross examined" witnesses at the hearing, and had

called appropriate witnesses on defendant's behalf. Despite

defendant's contrary assertions, Judge Tassini concluded there was

1
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).

 4 A-1754-15T3
no evidence that his trial counsel had lied to him about his co-

defendants' cooperation with the State.

 Additionally, Judge Tassini found that defendant had not made

a prima facie showing that his trial counsel had pressured him to

not testify on his own behalf. The judge noted in this regard

that the trial court had engaged in "extensive colloquy" with

defendant about his decision not to testify, and that there were

apparent tactical reasons for counsel to keep defendant off the

witness stand.

 Lastly, Judge Tassini found that defendant's remaining

arguments complaining of procedural and evidentiary errors were

barred under Rule 3:22-4, because those issues could have been

raised on direct appeal.

 On his present appeal, defendant raises the following issues

for our consideration:

 POINT I

 THE TRIAL COURT ERRED IN DENYING THE
 DEFENDANT'S PETITION FOR POST CONVICTION
 RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY
 HEARING TO FULLY ADDRESS HIS CONTENTION THAT
 HE DID NOT RECEIVE ADEQUATE LEGAL
 REPRESENTATION FROM TRIAL COUNSEL AS A RESULT
 OF TRIAL COUNSEL'S CONDUCT WHICH PRESSURED THE
 DEFENDANT INTO NOT TESTIFYING ON HIS OWN
 BEHALF AT TRIAL.

 POINT II

 5 A-1754-15T3
 THE TRIAL COURT ERRED IN DENYING THE
 DEFENDANT'S PETITION FOR POST CONVICTION
 RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY
 HEARING TO FULLY ADDRESS HIS CONTENTION THAT
 HE FAILED TO RECEIVE ADEQUATE LEGAL
 REPRESENTATION FROM TRIAL COUNSEL AS A RESULT
 OF COUNSEL'S ASSURANCE HE WOULD BE ENTITLED
 TO A REVERSAL ON APPEAL IN THE EVENT HE WAS
 CONVICTED AT TRIAL BASED UPON THE RULING MADE
 IN CONJUNCTION WITH THE MIRANDA HEARING, AS A
 RESULT OF WHICH HE DID NOT CONSIDER ANY PLEA
 RECOMMENDATION AND INSTEAD PROCEEDED TO TRIAL,
 SUBSEQUENTLY RECEIVING A SENTENCE
 SIGNIFICANTLY GREATER THAN THAT EMBODIED IN
 THE PROPOSED PLEA OFFER.

 Defendant also raises the following arguments in a pro se

supplemental brief, which are partly duplicative of those in his

present counsel's brief:

 SUPPLEMENTAL POINT I

 TRIAL JUDGE ABUSED HIS DISCRETION BY FAILING
 TO CHARGE THE AFFIRMATIVE DEFENSE TO FELONY
 MURDER [UNDER N.J.S.A. 2C:11-3(a)(3)] SUA
 SPONTE.

 SUPPLEMENTAL POINT II

 TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO
 CALL DETECTIVE NELSON TO THE STAND AT THE
 MIRANDA HEARING.

 Having considered these points in light of the record and the

applicable law, we affirm the denial of the PCR petition,

substantially for the sound reasons set forth in Judge Tassini's

lengthy written decision. We add only a few amplifying comments.

 6 A-1754-15T3
 The PCR court here applied correct principles of law in

evaluating defendant's claims of ineffective assistance of

counsel. Those principles instruct that to establish a deprivation

of the right to counsel, a convicted defendant must satisfy the

two-part test enunciated in Strickland v. Washington, 466 U.S.

668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984) by

demonstrating that: (1) counsel's performance was deficient, and

(2) the deficient performance actually prejudiced the accused's

defense. Id. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693; see

also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the

Strickland two-part test in New Jersey).

 In reviewing such claims of ineffectiveness, courts apply a

strong presumption that a defendant's trial counsel "rendered

adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment." Strickland, supra,

466 U.S. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695.

"[C]omplaints 'merely of matters of trial strategy' will not serve

to ground a constitutional claim of inadequacy[.]" Fritz, supra,

105 N.J. at 42, 54 (1987) (quoting State v. Williams, 39 N.J. 471,

489 (1963), cert. denied, 374 U.S. 855, 83 S. Ct. 1924, 10 L. Ed.

2d 1075 (1963), overruled on other grounds by, State v. Czachor,

82 N.J. 392 (1980)). The PCR court reasonably concluded that

defendant failed to establish these elements here. Moreover,

 7 A-1754-15T3
defendant failed to present a viable prima facie case of

ineffectiveness that would warrant an evidentiary hearing. State

v. Preciose, 129 N.J. 451, 462-63 (1992).

 We specifically concur with the PCR court's rejection of

defendant's claim that his trial attorney was ineffective because

she supposedly "demanded" that he waive his right to testify. We

do so for several reasons. First, the allegation is set forth as

a "bald assertion" within an unsigned certification, contrary to

the verified or sworn form of statement that is required by Rule

3:22-8 and Rule 3:22-10(c). See also State v. Cummings, 321 N.J.

Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Second, the allegation does not overcome the lengthy colloquy on

the record conducted by the trial judge, at which defendant's

right to testify was extensively discussed. Third, trial counsel

had a reasonable tactical basis to advise defendant not to take

the witness stand. Doing so would have opened the door to the

State using defendant's pretrial factual proffer against him,

thereby undermining the defense trial theory that his inculpatory

statements to the police were unreliable.

 We also uphold Judge Tassini's rejection of defendant's claim

that he would have pled guilty if his trial attorney had not been

ineffective in her advice to pursue the Miranda issue. Defendant

has not set forth with particularity how he was misled, what his

 8 A-1754-15T3
trial attorney said, and when the State's alleged twenty-year plea

offer was communicated. It is also sheer speculation, in

retrospect, to presume that defendant would have accepted a twenty-

year plea offer if the State denied him an opportunity to enter

into a conditional guilty plea.

 We likewise find no merit in defendant's other contentions,

including those in his supplemental pro se brief, raising issues

that either were already decided on direct appeal or could have

been. See R. 3:22-4 and R. 3:22-5. See also R. 2:11-3(e)(1)(E).

 Affirmed.

 9 A-1754-15T3